IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER ARGENTINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-265 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TIMOTHY HAZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction and lack of compliance with Federal Rule of Civil Procedure Rule 8 ("Rule 8"), without prejudice to the filing of an amended complaint. This Court owes a duty to raise, *sua sponte*, matters regarding the existence of subject matter jurisdiction. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008). Rule 8 directs litigants to include in their pleadings: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief" and (3) "a demand for the relief sought." At a minimum, a plaintiff's submissions should provide "an ascertainable factual or legal basis for his claims." Bey v. U.S. Dep't of State, Nat. Passport Ctr., 416 F. App'x 136, 138 (3d Cir. 2011).

In this case, Plaintiff's *pro se* Complaint alleges federal question jurisdiction. See Complaint (Doc. 1) at 5-12. Plaintiff does not provide a basis for such jurisdiction, other than a vague reference to the Establishment Clause. Id. at 13. The sum-total of Plaintiff's factual averments are as follows:

- "…[T]he Establishment clause prohibits the government from "establishing" a religion. … The Free Exercise Clause protects citizens' right to practice their religion as they please, so long as the practice does not run afoul of a "public morals" or a "compelling" government interest."  Complaint (Doc. 1) at 13.
- "This action brought against Allegheny County Office of Property Assessment contends those individuals comprising this entity have willfully and intentionally conspired to deprive the Plaintiff of a constitutionally established right of religion, where this body did intentionally ignore and misrepresent facts regarding the status of House of the intelligent GOD (Exhibit A) in relation to facts outlined as causality for denial of religious status."  Id.

From these factual averments, it is not clear to the Court or anyone reading the Complaint what is being alleged.  Plaintiff attaches an Exhibit A to his Complaint.  Exhibit A is a "Notice of Determination of Tax Status," dated July 26, 2021, from Allegheny County indicating that the Office of Property Assessments determined that the parcel in question does not qualify for a Real Estate Tax Exemption because "[t]he property is not being used for regularly stated religious worship."  The letter outlines an appeal process.  To the extent Plaintiff is dissatisfied with this determination, this is not the appropriate forum.  While it is certainly true that the Constitution protects free exercise of religion, there is no constitutional right to determinations of tax exemptions.  In sum, there is no basis for exercising federal question jurisdiction based on the limited, vague facts alleged.  Further, to the extent Plaintiff attempts to bring this action on behalf of an entity—"House of the Intelligent God"—he must retain counsel.  See Securities & Exchange Comm'n v. Desai, 672 F. App'x 201, 203 n.1 (3d Cir. 2016) ("A corporation must be

represented by a licensed attorney."). While Plaintiff may represent himself, entities must be represented by an attorney. At this juncture it is unclear whether the alleged injury—whatever that injury is—occurred to Plaintiff or to this purported entity.

The case, therefore, must be dismissed. Given the Court of Appeals for the Third Circuit's recognition, however, that a plaintiff should be afforded notice and an opportunity to respond before a case is dismissed with prejudice for lack of subject matter jurisdiction or failure to comply with Rule 8, the Court will allow Plaintiff to file an amended complaint. See Bey v. U.S. Dep't of State, Nat. Passport Ctr., 416 F. App'x 136 (3d Cir. 2011) (dismissal of plaintiff's complaint for failure to comply with Rule 8 was not abuse of discretion after plaintiff was given opportunity to amend).

Should Plaintiff wish to file an amended complaint, he must do so by **March 28, 2022**. If Plaintiff does not timely file an amended complaint, identifying a valid jurisdictional basis for proceeding and complying with Rule 8, the Court will convert the dismissal to one with prejudice. Finally, Plaintiff must make last, best efforts in these regards, because further opportunity for amendment will not be afforded.

IT IS SO ORDERED.

February 28, 2022                           s/Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via First-Class U.S. Mail):

Alexander Argentina
114 Fremont St.
Pittsburgh, PA 15210